BURY et al. *v.* SIEBER.

In 1812, the heirs of A. conveyed by deed to B., in fee, a tract of land, under and subject to the payment of £1000, the interest of which was to be paid yearly by B. to the widow of A. during her life, and at her death the principal to the heirs and legal representatives of A., " *as per bond*," recited in the deed, " *executed by the said B., and in the possession of the said widow.*" A bond of the date of the deed, for the sum of £1000, was at the same time executed and delivered by B. to the widow, according to the recital in the deed. The widow died in 1816, and in the same year C. purchased, as was alleged, five and a half acres of the tract conveyed, as above stated, from B., went into possession thereof, and retained possession until his death, in 1824. In 1827, the heirs of A. obtained a judgment on the bond against B., and under judicial process issued thereon, the five and a half acres aforesaid were levied upon, condemned and sold by the sheriff to D., who subsequently conveyed the same to E., who went into possession. No notice of the suit on the bond against B. was given by the plaintiffs, the heirs of A., to the terre-tenants of the five and a half acres. In an action of ejectment brought by the heirs of C. against E. for the five and a half acres, *it was held*, 1. That the lien created by the deed and the judgment on the bond arose out of the same transaction, and were in contemplation of law one instrument, and formed one security, and that the lien of the judgment related to the date of the lien in the deed; and consequently, that the sale of the land in dispute by the sheriff

vested a title in the purchaser by relation to the date of the deed. 2. That it was not necessary to bring suit on the deed, as effect may be given to a lien created by the deed, equally as well, by a suit on the bond, with notice to terre-tenants.

In such case, *it seems* that the title of the sheriff's vendee was not rendered bad, because notice of the suit on the bond had not been given to the terre-tenant, as the same defence was open to him on the ejectment as he would have been entitled to make in the suit on the bond, had notice been given him of the same.

In error from the Court of Common Pleas of Lancaster county.

*Dec.* 1. This was an action of ejectment brought by John Bury and Barbara Friedling, the plaintiffs in error, against Rudolph Sieber, for *five and a half acres* of land, situated in Ephrata township, Lancaster county.

The facts of the case are briefly as follows : The land in controversy was a part of a tract of two hundred and sixty-seven acres and twenty perches, which belonged to Peter Beck in his lifetime. Peter Beck died in 1811, and on the 1st day of May, 1812, Adam Beck and others, heirs of the said Peter Beck, deceased, conveyed this tract of land to John Sweigart, in fee, for the consideration of £4953, 7s. 6d., under and subject to the payment of £1000, part of the consideration, as follows, *as recited in the deed:*

"Which the said John Sweigart obligated himself to pay at or immediately after the death of Margaret Beck, widow and relict of the said Peter Beck, deceased, to and among the heirs and representatives of the said Peter Beck, deceased, in equal shares alike, with the annual legal interest of the said principal sum of £1000, to be paid by the said John Sweigart, his heirs, executors, administrators and assigns, unto the said Margaret Beck, yearly, and every year on the 1st day of April during her natural life as per bond, executed by the said John Sweigart, and in the possession of the said Margaret Beck."

A bond for the sum of £1000, the amount of the lien thus created by the deed, was at the same time executed and delivered by John Sweigart, the grantee, to Margaret Beck, the widow, as recited in the deed.

In 1816, a certain Jacob Bury obtained possession of the five and a half acres, the land in dispute, by title, as was alleged, from John Sweigart, and retained possession until his death, in 1824. Whether Bury was in possession of the land as owner or tenant under Sweigart, did not appear. There was no title on record, nor was there, for aught that appeared, any written contract between Sweigart and Bury. In 1826, the heirs of Peter Beck brought an action of debt against John Sweigart, on his bond, recited in the deed from Beck's heirs to Sweigart, and obtained judgment, in

1827, for $3122, and under judicial process issued thereon, the land in dispute was levied upon, condemned and sold at sheriff's sale to Jacob Fry, who, on the 28th day of June, 1828, sold the same to Rudolph Sieber, the defendant, who has been in possession ever since. No notice of the suit on the bond was given to the terre-tenant.

On the trial of the cause in the court below, the defendant offered in evidence the record of the suit on the bond by the heirs of Peter Beck against John Sweigart, the judgment obtained therein, the executions issued thereon, and the sale of the land in controversy, by the sheriff, &c. The plaintiffs objected to the judgment and all proceedings under it, on the ground that the judgment was no lien on the land in 1816, and was between other parties. The court admitted the evidence offered, and this was plaintiffs' *first bill* of exception.

The court (LEWIS, P. J.) instructed the jury, " that the proceedings at the suit of the heirs of Peter Beck against John Sweigart, on the bond recited in the deed of May 1, 1812, for the money charged upon the land, and the sale by the sheriff under judicial process issued on the judgment obtained therein, vested a title by relation to the date of the deed, and that under the evidence, the defendant was entitled to a verdict." To the charge of the court, the plaintiffs excepted, which constituted the second bill of exception. The jury found for the defendant, whereupon the plaintiffs sued out this writ of error, and assigned the bills of exception for error here.

*Stevens* and *Eshleman*, for plaintiffs in error, argued, that the judgment on the bond of 1827 did not refer back to the date of the deed creating the lien ; that a judgment could only take effect from its date, especially as there was no notice to terre-tenants of the suit on the bond. To make the lien created by the deed effectual, suit should have been brought on the deed ; and to effect the intervening title, the terre-tenant should have had notice. They cited and commented upon McCall *v.* Lenox, 9 Serg. & Rawle, 302 ; Wilson *v.* Stoxe, 10 Watts, 436 ; Cook *v.* Trimble, 9 Watts, 16 ; 4 Rawle, 242, 258.

*Mathiot* and *Amwake*, contrà.—The plaintiffs did not show that they were terre-tenants of the land, and therefore entitled to notice.

Jacob Fry, the purchaser at sheriff's sale, acquired the rights of the judgment creditors, and became entitled to the benefit of all of their securities, and therefore has a right to go back to the reser-

vation in the deed to make out his title to the land; McCall *v.* Lenox, 9 Serg. & Rawle, 302; McGrew *v.* McLanahan, 1 Penna. Rep. 44; Wilson *v.* Stoxe, 10 Watts, 434.

It was not necessary to make Bury's heirs parties to the suit of Beck's heirs against Sweigart.

1. Because, if they had any title, they could have defended in an action brought by the sheriff's vendee.

2. The evidence shows, if any thing, that he was a mere occupant of the land.

This bond for the unpaid purchase-money was obligatory upon the purchaser, and all claiming under him with notice. Notice will be presumed to Bury; Irvine *v.* Campbell, 6 Binn. 118.

Jacob Fry being a purchaser at sheriff's sale for a valuable consideration without notice of an outstanding title, is protected. And if there was an irregularity in the proceedings, he cannot be affected now. See Darby *v.* Russell, 5 Haywood, 139.

*Dec.* 5. ROGERS, J.—At the time the judgment was rendered against Sweigart, Bury was at least entitled to an equitable estate in the land in controversy. This we assume as proved, and therefore the only question is, on the instruction to the jury, that the sale on the judgment and the proceedings thereon vest a title by relation to the date of the deed, and that the defendant was entitled to a verdict. We see no substantial difference between this case and McCall *v.* Lenox, 9 Serg. & Rawle, 310, for the lien created by the deed, and the judgment on the bond on which suit is brought, arise out of the same transaction. They are in contemplation of law one instrument, form one security, and consequently the lien of the judgment, as is there decided, must relate to the date of the lien in the deed. That this would be so, if notice had been given to the terre-tenant, is very clear. The terre-tenant having an opportunity to make defence, if any he has, the judgment relates back to the date of the lien, which is prior to the purchase, and of which the purchaser, Sweigart, had full notice. It cannot be necessary to bring suit on the deed, as has been contended; as effect may be given to the lien created by the deed equally as well by a suit on the bond, with notice to the terre-tenant. The intervening title is avoided by the sheriff's sale, because, although before the date of the judgment, it accrued after the creation of the lien. The sheriff's vendee stands in the place of the judgment creditor, and succeeds to his rights. But is the title of the sheriff's vendee bad because no notice was given to the terre-tenant of the

original suit ?   This is the only point which presents any difficulty. It certainly would have this effect if the omission would deprive the terre-tenant of the chance of making defence against the lien, as showing that it was paid, or had ceased to be a lien, for the law affords every man an opportunity of being heard.   But it seems to me that this point ceases to have any weight, because the same defence is as open to him in the ejectment as he would have been entitled to, had notice been given in the suit on the bond.   The plaintiff may, in cases like the present, and this is the better course, bring his suit on the bond with notice to the terre-tenant, and this course would have been the one in all probability pursued here, but the plaintiff had no notice that Sweigart had sold part of the property to Bury, as there was no title on record, nor was there, for aught that appears, any written contract between Sweigart and Bury.   Bury was in possession of part of the tract covered by the lien, but whether as tenant or occupier of the land under Sweigart did not appear.   It would, therefore, be hard that the lien should be lost when the right to defend is secured as well in the ejectment as in the original suit.   We are reluctant to throw unnecessary difficulties in the way of creditors.

Judgment affirmed.